PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00242-NODJ-BAM |
|---|---|
| Plaintiff, | STIPULATION SETTING TRIAL; FINDINGS AND ORDER |
| v. | |
| DOUGLAS GENE HALDERMAN, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for Status Conference on April 24, 2024.

2. By this stipulation, defendant now moves to vacate the status conference and set the case for trial on February 4, 2025, and to exclude time between April 24, 2024, and February 4, 2025, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes reports, videos, photographs, and the recorded statement of the defendant. All of this discovery has been produced directly to counsel and/or made available for inspection. Further, the government has conveyed a plea agreement to the defendant.

    b)  Counsel for defendant desires additional time to review discovery, conduct investigation and research related to the charges, conduct research into any mitigating factors, consult with his client, review the plea agreement, and to prepare for trial.

    c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)  The government does not object to the continuance.

    e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 24, 2024 to February 4, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated: April 9, 2024          PHILLIP A. TALBERT
                   United States Attorney

                   /s/ ANTONIO J. PATACA
                   ANTONIO J. PATACA
                   Assistant United States Attorney

Dated: April 9, 2024                               /s/ PETER JONES
                                                   PETER JONES
                                                   Counsel for Defendant
                                                   DOUGLAS GENE
                                                   HALDERMAN

### **ORDER**

IT IS SO ORDERED that the status conference set for April 24, 2024, is vacated. A jury trial is set for **February 4, 2025, at 8:30 a.m. in Courtroom 5 before the District Court Judge**. Estimate time of trial is **1 week**. A trial confirmation is set for **January 21, 2025, at 8:30 a.m. in Courtroom 5 before the District Court Judge**. Time is excluded through trial pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **April 9, 2024**                        /s/ Barbara A. McAuliffe
                                                   UNITED STATES MAGISTRATE JUDGE